```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x
JOEL MORALES,

              Petitioner,                    MEMORANDUM & ORDER
                                               21-CV-2783 (EK)
     -against-

THE PEOPLE,¹

              Respondent.

---------------------------------x
```

KOMITEE, United States District Judge:

Petitioner Joel Morales, proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having conducted the examination called for by Rule 4 of the Rules Governing Section 2254 Cases, the Court cannot determine whether his petition falls within the one-year statute of limitations prescribed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court therefore orders Petitioner to show cause, within sixty days of the date of entry of this order, why the petition should not be dismissed.

## I.  Background

Morales challenges the constitutionality of his convictions for second degree murder and two counts of criminal

---

¹ The proper respondent in a habeas petition challenging a state court conviction is the petitioner's custodian – in this case, the Superintendent of the Attica Correctional Facility, where Petitioner is in custody.

possession of a weapon. Petition at 2, ECF No. 1.[2] He was convicted in New York Supreme Court, Queens County on September 19, 2012. *Id.* The Appellate Division affirmed the convictions on April 10, 2019, and the New York Court of Appeals denied leave to appeal on July 24, 2019. *Id.* at 9. It does not appear that Petitioner appealed to the United States Supreme Court or filed any motions for collateral relief in state court.

Petitioner filed the instant petition by delivering it to prison officials on April 22, 2021. *Id.* at 8, 56. In an attachment to his petition, Petitioner requests equitable tolling of the statute of limitations imposed by AEDPA "due to the . . . corona virus." *Id.* at 60. He asserts that "the pandemic circumstances" are equivalent to "the intentional confiscation of . . . legal papers by a correctional of[f]icer." *Id.* at 61. He further asserts that he "has been pursing [sic] his rights diligently" by seeking to retain an attorney "for years," but that his efforts were unsuccessful because of the pandemic. *Id.* He appears to suggest that the pandemic affected commerce and his family's financial circumstances, which impeded his ability to retain counsel. *Id.* at 61-62. He also asserts

---

[2] The pages of the petition and attached exhibits are not consecutively paginated. The Court thus refers to the pages assigned by the Electronic Case Filing System ("ECF"). Another submission received by the Court on July 30, 2021, *see* ECF No. 4, is nearly identical to the original petition.

that he was moved "from prison to prison wi[th]out the opportunity to properly [study] the law." *Id.* at 62.

## II.  Discussion

The AEDPA established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. *See* 28 U.S.C. § 2244(d)(1).  Under this rule, a petitioner must apply for a writ of habeas corpus within one year of the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  If a properly filed application for state post-conviction or other collateral review with respect to the judgment of conviction was pending at any time during that one-year period, the time during which it was

pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations may be equitably tolled, even after its expiration. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "Equitable tolling, however, is only appropriate in rare and exceptional circumstances"; a petitioner "must demonstrate that he acted with reasonable diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented successful filing during that time." *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001);[3] *see also Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d Cir. 2003).

Petitioner's application for habeas corpus relief pursuant to Section 2254 appears to be untimely. The Court of Appeals denied leave to appeal on July 24, 2019. The judgment of conviction became final ninety days later, on October 22, 2019, when the time to seek a writ of certiorari expired. Assuming 28 U.S.C. § 2244(d)(1)(A) is the provision applicable to this case, Petitioner had one year from that date – until October 22, 2020 – to file his petition.

In his request for equitable tolling, Petitioner asserts that because of the pandemic, he moved facilities, had

---

[3] Unless otherwise noted, when quoting judicial decisions this order omits all alterations, citations, footnotes, and internal quotation marks.

limited access to legal research, and had difficulty finding and retaining counsel. Petition at 60-61. However, the doctrine of equitable tolling does not allow tolling "whenever a petitioner must face the daunting procedural obstacles to obtaining habeas review without the assistance of counsel." *Jenkins v. Greene*, 630 F.3d 298, 305 (2d Cir. 2010). "If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000).

For this reason, the Covid-19 pandemic does not automatically result in equitable tolling. *E.g.*, *Mighty v. USA*, No. 15-CR-06109, 2021 WL 3036926, at *2 (W.D.N.Y. July 19, 2021) (the court was "inclined to find that the circumstances . . . necessitated by the COVID-19 outbreak at FCI Elkton [were] extraordinary and sufficient to equitably toll the limitations period," but could not conclude "that Petitioner diligently pursued his rights both before and during the period he [sought] to toll"); *Mairs v. Fields*, No. 20-CV-1451, 2021 WL 4311140, at *2 (E.D.N.Y. Sept. 22, 2021) (requiring Petitioner to show what efforts, if any, he took to contend with the extraordinary circumstances caused by the pandemic); *Caraballo v. United*

5

*States*, No. 10-CR-392-6, 2021 WL 1062036, at *3 (S.D.N.Y. Mar. 19, 2021) (pandemic-related restrictions did not "explain why Petitioner did not act with greater diligence during the period" prior to the pandemic). Here, Morales has not sufficiently demonstrated that he both confronted extraordinary circumstances and exercised reasonable diligence in filing his petition despite those circumstances. For example, he focuses on his unsuccessful attempts to retain an attorney during the pandemic, *see* Petition at 61, but does not explain what measures he took to file his petition without counsel.

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." *Acosta v. Artuz*, 221 F.3d 117, 121 (2d Cir. 2000). However, "the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard" unless it is "unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factor relevant to the timeliness of the petition, that the petition is untimely." *Id.* at 125. Accordingly, Morales is directed to show cause by affirmation, within sixty days of the entry of this order, why the AEDPA statute of limitations should not bar the instant petition.

### III. Conclusion

Petitioner is hereby directed to show cause by written affirmation,[1] within sixty days of entry of this Memorandum and Order, why this petition should not be dismissed as time-barred. In the affirmation, Petitioner should provide the dates of his prison transfers and explain in detail how pandemic-related restrictions impacted his ability to file his petition on time. He should also describe in detail all steps he took contact counsel and / or to prepare and file his petition without the assistance of counsel prior to the expiration of the statute of limitations.  If Petitioner has any other grounds for statutory or equitable tolling, he may also present them to the Court.

No response shall be required from respondent at this time and all further proceedings shall be stayed for sixty days or until petitioner has complied with this order.  If Petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.  The Clerk of Court is respectfully directed to amend the caption of this

---

[1] An affirmation form is attached to this Order for Petitioner's convenience.

action to replace "The People" with "Superintendent, Attica Correctional Facility."

SO ORDERED.

                                      /s/ Eric Komitee
                                    ERIC KOMITEE
                                    United States District Judge

Dated:    December 28, 2021
            Brooklyn, New York