```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------x
JOEL MORALES,

                Petitioner,                    MEMORANDUM AND ORDER
                                                21-CV-2783 (EK)(LB)
    -against-

SUPERINTENDENT, ATTICA
CORRECTIONAL FACILITY,

                Respondent.

---------------------------------x
```

KOMITEE, United States District Judge:

      Petitioner Joel Morales, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2012 convictions for second degree murder and two counts of criminal possession of a weapon. On December 28, 2021, I directed Petitioner to show cause why his petition should not be dismissed as time-barred by the one-year statute of limitations prescribed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Order dated December 28, 2021, ECF No. 7 ("December 28 Order"). Petitioner submitted an affirmation in response to the order to show cause on January 18, 2022. *See* Affirmation, ECF No. 8 ("Affirmation"). For the reasons stated below, the petition is DISMISSED.

      Familiarity with the Court's December 28 Order is assumed. As discussed in that order, it appears Petitioner filed his petition after AEDPA's one-year statute of limitations

period, *see* 28 U.S.C. § 2244(d)(1), had elapsed: Petitioner's conviction became final on October 22, 2019, ninety days after the Court of Appeals denied leave to appeal on July 24, 2019, *see People v. Morales*, 33 N.Y.3d 1107 (2019), but he did not file his petition until April 22, 2021. Pet. 8, ECF No. 1.[1] Petitioner requested equitable tolling of the statute of limitations "due to the . . . corona virus," asserting that he "has been pursing [sic] his rights diligently" by seeking to retain an attorney "for years," but that his efforts were unsuccessful because of the pandemic, and that he has been moved "from prison to prison wi[th]out the opportunity to properly [study] the law." *Id.* at 61. However, because Petitioner did not meet the standard for equitable tolling – requiring him to demonstrate not only that "extraordinary circumstances beyond his control prevented successful filing during that time," but also that he "acted with reasonable diligence during the period he wishes to have tolled," *see Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001)[2] – I gave Petitioner an opportunity to expand on the reasonable diligence prong. December 28 Order 7.

---

[1] The pages of the petition and attached exhibits are not consecutively paginated. The Court thus refers to the pages assigned by the Electronic Case Filing System ("ECF"). Another submission received by the Court on July 30, 2021, *see* ECF No. 4, is nearly identical to the original petition.

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Specifically, the December 28 Order directed Petitioner to provide the dates of his prison transfers, explain how pandemic-related restrictions impacted his ability to file his petition on time, and describe the steps he took to contact counsel and/or to prepare his petition without the assistance of counsel prior to the expiration of the statute of limitations. *Id.* at 6-7.

Petitioner's Affirmation, submitted on January 18, 2022, does not comply with those directives. Petitioner does not provide any dates or details of his custodial conditions or transfers, describe his efforts to seek representation or pursue his rights on his own behalf, or address pandemic-related restrictions at all. *See generally* Affirmation. Therefore, he has still not satisfied the requirements of *Smaldone*.

Having considered the claims in the original petition and the subsequent Affirmation, I conclude that the statute of limitations has expired, and that Petitioner has not provided sufficient grounds for tolling the time limitation. Accordingly, the petition for a writ of habeas corpus is DISMISSED as time-barred. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112-13 (2d Cir. 2000). The Court certifies pursuant to 28

3

U.S.C. § 1915(a) that any appeal from a judgment denying the instant petition would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

      SO ORDERED.

                                        /s/ Eric Komitee
                                        ERIC KOMITEE
                                        United States District Judge

Dated:    July 26, 2022
            Brooklyn, New York